UNITED STATES of America, Plaintiff,

v.

George W. HARGROVE, Defendant.

Civ. No. 79–151–B.

United States District Court,
D. New Mexico.

Oct. 19, 1979.

R. E. Thompson, U. S. Atty., Charles F. Sandoval, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff.

John Kulikowski, Keleher & McLeod, Albuquerque, N. M., for Margaret and Herman Saline.

Southern N. M. Legal Services, Patrick Berg, Hobbs, N. M., Legal Aid Soc. of Albuquerque, Inc., Helen L. Lopez, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

This matter comes on for consideration following a final hearing in the cause held on September 28, 1979. The case is essentially a foreclosure action by the United States, on behalf of the Farmers Home Administration, on a mortgage taken by the defendant George Hargrove on a residence in Hobbs, New Mexico. The Court entered an Order granting summary judgment for the plaintiff on the grounds that there were no contested issues of fact regarding the validity of the mortgage lien, the default on the mortgage and the amount due and owing. Following this Order, a foreclosure sale was held by the United States Marshal on August 21, 1979 at which time the property was sold to Margaret Saline, the highest bidder, for $6300.00. Upon receipt of the report of the Marshal, the Court entered an Order on September 7, 1979 approving and confirming the sale and the Marshal's deed.

Subsequent to this, on September 17, 1979, the defendant filed a Motion to vacate the judgment and order and a Motion for a temporary restraining order on the grounds that Mr. Hargrove was ready, willing and able to redeem his property, but had not been afforded such a right in the Order of foreclosure. A Petition for redemption was then filed on September 18, 1979. At the same time, the Court entered an Order stating that the defendant's redemption rights, if any, be extended until such time as the Court considered the merits of the defendant's claim. The hearing in this matter was limited to the issues raised by the defendant in these latter motions, namely, whether the New Mexico redemption statutes apply to this case, and was attended by all parties, including the purchasers and their attorney.

The preliminary question in this case of whether state or federal law governs the obligations of the parties to the mortgage is apparently uncontested. All parties agree and the Court finds that federal law, rather than state law, controls in this case. *United States v. Stadium Apartments*, 425 F.2d 358 (9th Cir. 1970), *cert. denied*, 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 185 (1970); *United States v. Marshall*, 431 F.Supp. 888 (N.D.Ill.1977) and cases cited therein. However, the question remains whether the New Mexico state law allowing redemption should be adopted as the federal rule in this case. On this issue, the parties disagree, though no alternative rule was urged upon the Court. The government, as plaintiff, took no position on the redemption question, and so offered no alternative rule; nor did the purchasers argue one, though they did state their opposition to redemption.

In deciding this question, the general rule appears to be that "[i]n the absence of some overriding federal interest in uniformity, the applicable state law generally provides the rule of decision." *United States v. Conrad Publishing Co.*, 589 F.2d 949, 953 (8th Cir. 1978), citing *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). Thus the most important factor for consideration appears to be whether the presumptively applicable state law can be given effect without thwarting federal policy or destroying needed uniformity in the operation of the federal program. This approach to the question was recently followed by the Supreme Court in *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). In applying it to the instant case, the Court finds that neither party particularly argued this point but, relying on *United States v. Marshall, supra*, the Court finds that the stronger policy and equitable considerations point to the adoption of the New Mexico redemption provisions.

The state's interest in protecting its own debtors and assuring, by the threat of redemption, that a fair price is received for the property at the foreclosure sale, does not conflict with any known policy or purpose of the Farmers Home Administration program. The fact that the mortgage instrument itself is a standard form document and thus subject to the vagaries of state law throughout the country, does not dictate a different result, though some courts have found it controlling. *See Unit-*

ed *States v. Stadium Apartments, supra;* *United States v. MacKenzie,* 510 F.2d 39 (9th Cir. 1975). The better approach, especially in light of *United States v. Kimbell Foods, Inc., supra,* is to consider such facts along with the other relevant considerations including those already noted. Having done so, the Court finds that the state redemption statute does apply.

 The only remaining issue is the question of whether the defendant waived his redemption rights when he signed the standard form mortgage. The clause in question provides that

> As against the debt evidenced by the note and any indebtedness to the Government hereby secured, with respect to the property, and to the extent permitted by law, Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of . . . redemption . . to which Borrower is or becomes entitled *under the laws and constitution of the jurisdiction where the property lies.* (Emphasis added).

It should first be noted that with regard to the question just determined of the applicability of the New Mexico redemption statute, this clause would seem to confirm the Court's ruling that such did apply, for it is difficult to waive rights that do not exist. In this regard, *see United States v. Johansson,* 467 F.Supp. 84 (D.Me.1979). But moving on to the waiver issue, the Court finds that there was no valid waiver in this case. This clause was hidden among the many in the mortgage instrument and was not specifically pointed out to the defendant at the time he signed the document. The defendant was not represented by counsel, nor did he have any bargaining position or leverage at the time the transaction was consummated. For equitable reasons, if not others, the Court will not find a knowing and voluntary waiver of the defendant's redemption rights. While such rights might not rise to the constitutional level, they are significant enough that they cannot be waived without some affirmative knowledge on the defendant's part.

Accordingly, the Order entered by the Court on September 7, 1979 will be amended so as to allow the defendant George Hargrove a nine month redemption right as provided in section 39–5–18, *N.M.Stat.Ann.* (1978), and the defendant's petition for redemption will be granted.

An appropriate Order should be initiated by the plaintiff United States government, circulated to all parties for concurrence, and submitted to the Court within 10 days of the date of this opinion.