In re Galen L. **HEADLEY, individually, and Thelma Jean Headley, a/k/a Jean Headley, individually, and d/b/a Headley Farms, and d/b/a Headley Insurance Agency, Debtors.**

Bankruptcy No. 81 B 01969 M.

United States Bankruptcy Court, D. Colorado.

Aug. 14, 1981.

Paul H. Spivak, Denver, Colo., for debtors.

Jack L. Smith and Brian Muldoon, Denver, Colo., for Allen Investment and Realty Co.

Lee F. Kutner, Denver, Colo., for Farmers State Bank.

## MEMORANDUM AND ORDER

JOHN P. MOORE, Bankruptcy Judge.

THIS MATTER arises upon Debtors' motion to extend the period during which they may redeem their real property from foreclosure. They contend this Court has power under 11 U.S.C. § 105 and Rule 906(b) F.R. B.P., to extend the six-month redemption period established by § 38–39–102(2) Colorado Revised Statutes, 1973. After hearing the proffer of evidence by Debtors and the arguments of all counsel, the Court concludes the relief should be denied.

It appears that prior to the April 24, 1981 filing of Debtors' Chapter 11 petition, Allen Investment and Realty Company (Allen) foreclosed upon its first deed of trust which encumbered the subject property. In accordance with state law, the Debtors have until August 17, 1981 to redeem the property.

Debtors argue the property in question is the principal asset of the estate, and its value together with the appurtenances exceeds the liens recorded against it. Hence, the property is an essential ingredient to reorganization. Because of the importance of this property, Debtors maintain both equity and the interests of the estate demand the Debtors be given additional time within which to redeem.

Bankruptcy Code § 105(a) upon which Debtors rely provides:

> The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

Additionally, Rule 906(b) F.R.B.P., upon which Debtors also rely, provides, in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) * * * with or without application or notice order the period enlarged * * *. (emphasis added)

■ Upon examination, it is readily apparent Rule 906(b) is not applicable to the relief sought by the Debtors. By its own terms, the rule is applicable only to time periods established by the Rules of Bankruptcy Procedure or by order of court. As the time period pertinent to this case arises out of state statute, Rule 906(b) is inapposite. The real issue, though, is whether the equitable powers of this Court can be utilized to extend a time period which is only a statutory creature.[1]

Allen also argues that the effect of the relief sought by the Debtors is to expand upon the Debtors' property interests. It is argued that the present property right of the Debtors is only an equity of redemption which expires August 17, 1981. Thus, it is argued, granting the motion would extend the property right beyond the estate created by state statute.

In my judgment, the equitable power of this Court to expand upon a time limitation created by state law is severely limited. If the right of redemption possessed by the Debtors is regarded as a state created property interest, as it should be, clearly *Butner v. U. S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), is applicable. In that case, the Supreme Court stated:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treat-

ment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy." 440 U.S. at 55, 99 S.Ct. at 918.

The court went on to point out that use of the equitable powers of the Bankruptcy Court allows the creation of property interests which do not exist as a matter of state law. Contrarily, adherence to state principles avails this inequity.

■ I do not conclude here that equity can never be employed to expand upon a redemption period. However, such power cannot be employed in the absence of fraud, mistake, or agreement, *Burley v. Flint*, 105 U.S. 247, 26 L.Ed. 986; 55 Am.Jur.2d, *Mortgages* § 892, or erroneous conduct upon the part of the foreclosing officer, *Arnold v. Gebhardt*, Colo.App., 604 P.2d 1192 (1979). From this authority we can reason that equity is available to protect property rights of the innocent debtor from the wrongful acts of other persons; however, equity does not extend to situations in which the debtor is simply unable to make the required payment within the prescribed time.

■ Adherence to the state statute in this instance is the norm, 55 Am.Jur.2d, *Mortgages* § 868. The affected secured creditor has a right to rely upon the limitations of the property rights created by the state. The supervention of a Chapter 11 petition does not dictate a change in that right because enforcement of the state statute, in and of itself, neither thwarts the federal policy established by Chapter 11 nor destroys the need for federal uniformity. Compare: *U.S. v. Hargrove*, 494 F.Supp. 22 (D.N.M.1979).

■ In essence, as argued by Allen, the Debtors are indeed seeking to expand upon their property rights. Since Allen is guilty of no wrongdoing which adversely affected

---

1. It is the law of Colorado that the right to redeem property from foreclosure is purely statutory, and no such right exists in the absence of statute. *Paddack v. Staley*, 13 Colo. App. 363, 58 P. 363 (1899).

the property right now held by the Debtors, this is not a case in which equity requires that the right be expanded.

By way of an aside, I am mindful of 11 U.S.C. § 108(b), but that provision is inapplicable here for the simple reason that the 60-day period established in 108(b)(2) has already expired, and the rights of redemption still exist. One should not confuse the limitations upon a court's equitable powers with the constitutional powers of Congress reflected by § 108. In view of the Supremacy Clause, the Congress, in the exercise of the bankruptcy powers contained in Article I § 8(4) of the United States Constitution can certainly override a state statute, but the legislative powers of the Congress and the equity powers of the Court are not the same. Therefore, it is,

ORDERED that Debtors' motion to extend their redemption period be and it is hereby denied.