In re Ennis Clead MURPHY and Darlene Amelia Murphy, Debtors.

Bankruptcy No. 81 B 05433 M.

United States Bankruptcy Court, D. Colorado.

Aug. 20, 1982.

John D. Saviers, Aurora, Colo., for creditor Western Federal Sav. and Loan Ass'n of Denver.

Robert L. Eckelberry, Littleton, Colo., for debtors.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion for Court Order Abandoning Debtors' Interest in Property filed by Western Federal Savings and Loan Association of Denver ("Western"). The Debtors filed their "Answer" denying Western's allegations that the subject real property [1] is burdensome or of inconsequential value or of no value to the estate. Although the Motion by Western speaks in terms of abandoning the "debtors'" interest, the parties treated such Motion as seeking abandonment of the "Trustee's" interest under 11 U.S.C. § 554 and the Court shall treat the Motion in like manner. The Trustee did not respond to the Motion and did not appear.

On November 18, 1981, the Debtors filed their joint petition herein under Chapter 7. In their schedules they claimed their $20,-000 homestead exemption on the subject property available to them under § 38–41–201, C.R.S.1973, as amended.

The parties stipulated to the introduction of two written appraisals on the subject property. Debtors' Exhibit A, dated August 26, 1981, indicated a value of $165,-000.00. Debtors' Exhibit B, dated April 22, 1982, indicated a value of $155,000.00.

Western takes the position that the Debtors have no standing to challenge the Motion because the holder of a lien junior to Western's foreclosed upon the property and obtained a Public Trustee's Deed on January 4, 1982. The Debtors respond by claiming that the issuance of the Public Trustee's Deed was in violation of 11 U.S.C. § 362, and the deed is therefore void and that § 362 tolls the State period of redemption within which the Debtors could redeem the property from foreclosure.

The issue of whether the period of redemption is tolled by § 362 has been addressed by the United States District Court in this District in the case of *In re Jenkins*, 19 B.R. 105 (Bkrtcy.1982). In an amendment to his Memorandum Opinion and Order, Judge Kane, on April 15, 1982, held the following:

> Accordingly, *I hold that the automatic stay provision of 11 U.S.C. § 362(a)(1) tolls the redemption period on those two parcels as to which the redemption period had not yet expired when the bankruptcy petition was filed,* and I hold that the automatic stay provision of 11 U.S.C. § 362(a)(4) prohibits application for public trustee's deeds on all three of the

1. Lot 21, Block 2, Heritage Village Filing No. 2, Arapahoe County, Colorado, also known as 6022 South Glencoe Way, Littleton, Colorado 80121.

parcels involved in this appeal [from the Bankruptcy Court]. (emphasis added)

■ With all due respect, this Court cannot agree with the District Court's holding in the emphasized portion, *supra*. Rather I find the reasoning of Judge Moore (now United States District Judge in Colorado) in the case of *In re Headley*, 13 B.R. 295 (Bkrtcy.Colo., 1981) and Judge Owens in the case of *In re Ecklund & Swedlund Development Corp.*, 17 B.R. 451 (Bkrtcy.Minn., 1981) to be more persuasive. And I so hold that 11 U.S.C. § 362 does not "toll" or "suspend" the running of the redemption period in Colorado as provided for in § 38-39-102, C.R.S.1973, as amended. The only modification to the length of this period is provided for in 11 U.S.C. § 108(b) which extends the period to 60 days after the order for relief.

■ I do agree with the last portion of Judge Kane's holding in the *Jenkins* case, *supra*, to the effect that 11 U.S.C. § 362(a)(4) stays the holder of a Certificate of Purchase under a foreclosure sale from applying for a Public Trustee's Deed under § 38-39-111, C.R.S.1973, as amended, and likewise the Public Trustee is stayed from issuing a Public Trustee's Deed under § 38-39-110, C.R.S.1973, as amended.

■ Unlike Minnesota in the *Ecklund* case, *supra*, where a mere lapse of time would vest title in the purchaser at a foreclosure, in Colorado title remains in the mortgagors (here the Debtors) unless and until the holder of the Certificate of Purchase takes the affirmative act of applying for a deed, and the Public Trustee issues a deed. *See Green v. Hoefler*, 115 Colo. 287, 173 P.2d 208 (1946). These affirmative acts are what § 362 stays.

■ In this case, as is shown by Creditor's Exhibit 1, the holder of a second lien on the property, Arapahoe Colorado National Bank, obtained a Certificate of Purchase on September 9, 1981. The Debtors filed their petition herein on November 18, 1981, thus invoking 11 U.S.C. § 362. Creditor's Exhibit 1 then indicates that on January 4, 1982, the Public Trustee issued a deed to Arapahoe Colorado National Bank. That act of the Public Trustee, being in violation of the automatic stay, is void. *Zestee Foods, Inc. v. Phillips Foods Corp.*, 536 F.2d 334 (10th Cir. 1976).

■ Accordingly, I hold the Debtors have standing to object to Western's Motion herein, especially since they may have some residual equity in the property because of their homestead exemption. *See also In re Bialac*, 16 B.R. 982 (Bkrtcy.Ariz., 1982).

■ The evidence presented shows that if the Court accepts the $155,000 appraisal, that after allowing for secured creditors ($132,513.00 total) and normal costs of sale, i.e. 7% sales commission, taxes of $1,435.00 for 1981 and $700.00 pro rated for 1982, and a title insurance premium of $250.00, the estate would realize the net proceeds of $9,252.00. If the Court uses the $165,000.00 appraisal, the net proceeds would be $18,-552.00. In either case, after applying the Debtors' $20,000 homestead exemption, there is no value to the estate. Thus the Trustee should abandon the property under 11 U.S.C. § 554.

■ This, however, does not leave the secured creditors free to enforce their liens on the property. The property is abandoned to the Debtors, not to the creditors. This Court still retains jurisdiction over this property of the Debtors. *In re Tummillo*, 14 B.R. 736, 737 (Bkrtcy.E.D.N.Y., 1981). Accordingly, these secured creditors, if they wish to enforce their liens, must seek approval from the Court by filing appropriate Complaints for Relief from Stay.

IT IS THEREFORE ORDERED that the Trustee abandon the subject property.

IT IS FURTHER ORDERED that within 10 days of the date of this order, any party may file a written request for the withdrawal of his exhibits received in evidence or in the possession of the Court. Upon conclusion of all appellate review pertinent hereto, or upon expiration of time to initiate such review, as the case may be, exhibits so requested shall be returned. Thereafter, the Clerk may destroy or otherwise dispose of any exhibits not requested and returned in accordance with this order.