EATON LAND & CATTLE CO. II, a Colorado General Partnership, Phase I—Country Square Plaza, a Colorado Limited Partnership, and Phase II—Country Square Plaza, a Colorado Limited Partnership, Plaintiffs,

v.

ROCKY MOUNTAIN INVESTMENTS, Defendant.

Bankruptcy No. 83 G 0283.

United States Bankruptcy Court, D. Colorado.

April 6, 1983.

Phyllis Cox, Grant, McHendrie, Haines & Crouse, Denver, Colo., for plaintiffs.

Henry Cohen, Cohen & Jacobson, Burlingame, Cal., for defendant.

## MEMORANDUM OPINION

JAY L. GUECK, Bankruptcy Judge.

Plaintiff, Eaton Land and Cattle Co. II (Eaton) has filed a complaint against defendant-debtor, Rocky Mountain Investments (Rocky Mountain), seeking relief from the automatic stay so as to permit the plaintiff to apply to the Public Trustee in Arapahoe County, Colorado, for a Public Trustee's Deed as a result of foreclosure sales of two parcels of real property. The foreclosure sales were conducted prior to the voluntary Chapter 11 proceeding filed by the debtor, but the Chapter 11 petition was filed three days prior to the expiration of debtor's redemption period. In filing the complaint for relief from stay, plaintiff seeks a ruling that the automatic stay provisions of 11 U.S.C. § 362(a) are not applicable to toll the redemption period provided for in 38–39–102, 1973 C.R.S. as amended. Plaintiff then seeks an order of this Court pursuant to 11 U.S.C. § 362(d) granting relief from the automatic stay provision of 11 U.S.C. § 362(a)(4) so that plaintiff can apply for the Public Trustee's Deed.

Thus, the initial question is whether the redemption period in Colorado is tolled by the automatic stay provisions of 11 U.S.C. § 362(a)(1). If so, there is still a redemption right which must be addressed in determining whether to grant relief from stay. If not, there are no further rights in the debtor, but relief from the automatic stay provision of 11 U.S.C. § 362(a)(4) is still necessary to permit the affirmative act of applying for the Public Trustee's Deed.

## FINDINGS OF FACT

1. That plaintiff Eaton Land & Cattle Co. is a Colorado general partnership and is the general partner of plaintiff's Phase I and Phase II, each of which are Colorado limited partnerships. Rocky Mountain Investments is the debtor herein.

2. That the real property herein involved is located in a shopping center in Arapahoe County, Colorado, Parcel I is more particularly described in plaintiff's Exhibit A. Parcel II is more particularly described in plaintiff's Exhibit B, admitted into evidence during the hearing on the complaint for relief from automatic stay.

3. That on or about July 31, 1981, Phase I sold to Rocky Mountain Investments the

real property described in plaintiff's Exhibits A and B, at which time Rocky Mountain assumed certain deeds of trust in favor of Megapolitan Mortgage Co. and further executed two deeds of trust encumbering the real property to secure two promissory notes to Phase I and Phase II.

4. That Rocky Mountain defaulted in its payments on the promissory notes. On August 5, 1982, Phase I and Phase II filed notices of election and demand to foreclose on the parcels of real estate described in Exhibits A and B. The order authorizing sale of each parcel was entered in the District Court in and for the City and County of Denver, State of Colorado, in Civil Actions No. 82 CV 007430 and 82 CV 007431 on September 27, 1982.

5. That the foreclosure sale occurred as to each parcel on September 29, 1982, and the return and order approving sale entered on September 30, 1982.

6. That the parcel described in plaintiff's Exhibit A was sold at the foreclosure sale to Phase I—Country Square Plaza, on September 29, 1982, for the sum of $189,-118.18. The parcel described in plaintiff's Exhibit B was sold to Phase II—Country Square Plaza, on September 29, 1982 for the sum of $119,056.29.

7. That the real property herein involved is not agricultural real estate, and the redemption period of 75 days after the date of sale, as provided for in 1973 C.R.S. 38–39–102, as amended, expired on December 13, 1982.

8. That on December 10, 1982, Rocky Mountain filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the State of California. January 27, 1983, a motion to transfer venue was granted to this district, whereupon a motion to convert to a Chapter 7 proceeding was filed but was later withdrawn.

9. That on or about August 5, 1982, a state receiver was appointed in the Arapahoe County District Court. Pursuant to agreement of that receiver and defendant, the properties of defendant are being managed by Coldwell Banker.

## ISSUE PRESENTED

Is the redemption period provided for in 38–39–102, 1973 C.R.S. as amended, tolled by the automatic stay provisions of 11 U.S.C. § 362(a)(1)?

## CONCLUSIONS OF LAW

Within the past two years, numerous courts have been called upon to review this question. There is a resultant split of authority. In this district, the decisions are inconsistent. The United States District Court for the District of Colorado has held that the automatic stay of § 362(a) operates to toll, or suspend, the running of the statutory redemption period involved in this matter. In re Jenkins, 19 B.R. 105, (D.Colo. 1982). The same reasoning expressed in that opinion has been applied by bankruptcy courts in reviewing redemption statutes in other jurisdictions. In re Jones, 20 B.R. 988 (Bkrtcy.E.D.Pa.1982); In re H & W Enterprises, Inc., 19 B.R. 582 (Bkrtcy.N.D. Iowa E.D.1982); In re Sapphire, 19 B.R. 492, 9 B.C.D. (CRR) 217 (Bkrtcy.Ariz.1982); Matter of Dohm, 14 B.R. 701 (Bkrtcy.N.E. Ill.1981); In re Johnson, 8 B.R. 371 (Bkrtcy. Minn.1981).

Other decisions, including the United States District Court for the Eastern District of Michigan and the United States District Court for the Southeastern District of North Dakota and at least two bankruptcy courts in this jurisdiction have held to the contrary. Martinson Brothers v. First National Bank of Oakes, 26 B.R. 648 (D.C.S. E.Div.N.D.1983); Bank of Commonwealth v. Bevan, 13 B.R. 989 (E.D.Mich.1981); In re Murphy, 22 B.R. 663, 9 B.C.D. (CRR) 718, 719 (Bkrtcy.Colo.1982); Matter of Construction Leasing & Investment Corp. 20 B.R. 546 (Bkrtcy.M.D.Fla.1982); In re Ecklund & Swedlund Development Corp., 17 B.R. 451 (Bkrtcy.Minn.1981); In re Headley, 13 B.R. 295 (Bkrtcy.Colo.1981). Judge Moora held, in In re Headley, supra, that the equity power of the Bankruptcy Court, as provided in 11 U.S.C. § 105, should not be used to extend the six month redemption period provided for in 38–39–102(2) 1973 C.R.S.

The reasoning set forth therein is consistent with *Bank of Commonwealth, supra,* and *Martinson v. First National Bank of Oakes, supra,* and was adopted by Judge Brumbaugh in *In re Murphy, supra.*

Plaintiff's arguments are supported by well reasoned authorities. The position of plaintiff's counsel that 11 U.S.C. § 108 is the applicable provision to extend the period of redemption is particularly persuasive. The reasoning for this argument is thoroughly discussed in *Martinson Brothers v. First National Bank of Oakes, supra,* and *Bank of Commonwealth v. Bevan, supra.* The argument was not addressed in *In re Jenkins, supra.*

Plaintiff also asserts that *In re Johnson, supra,* relied upon by Judge Kane in *Jenkins,* was impliedly overruled by *In re Ecklund & Swedlund, supra.* Thus, plaintiff suggests that if arguments relating to the applicability of 11 U.S.C. § 108 and the current viability of *In re Johnson* were presented to Judge Kane, he might rule differently. This may or may not be so. In any event, that is for Judge Kane to determine at an appropriate time in an appropriate proceeding. In the meantime, it is for this Court to apply the law consistent with the holdings of courts under which it operates.

In my judgment, unless there are salient facts which would render the holding in *In re Jenkins, supra,* inapposite, I am bound by the decisions of the United States District Court for this district, absent controlling authority from a higher court. *Briggs v. Pennsylvania R Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); *In re V–M Corporation,* 23 B.R. 952 (Bkrtcy.W.D.Mich. 1982); *In re Bill Ridgway, Inc.,* 4 B.R. 351 (Bkrtcy.N.J.1980). I have found no authority from the Tenth Circuit or any other Circuit court on this subject. I have reviewed the pleadings herein, the exhibits, and have carefully considered the arguments of counsel. The arguments and authorities set forth by plaintiff's counsel are not consistent with the holding of *In re Jenkins, supra.* My review of the circumstances herein indicates that this action is governed by *In re Jenkins, supra.*

It is noted in following *In re Jenkins, supra,* I am holding contrary to a prior decision of this court in *In re Murphy, supra.* Ordinarily, Judges who sit in the same court should attempt to avoid inconsistent decisions "except for the most cogent reasons." *Rojas-Gutierrez v. Hoy,* 161 F.Supp. 448 (S.D.Cal.1958); *In re Wells,* 7 B.R. 875 (Bkrtcy.Colo.1980). The failure to follow this general rule lends great uncertainty and unpredictability to a proper analysis of legal issues. However, I have determined that a "most cogent reason" exists for departing from the holding in *In re Murphy.* That reason is that a higher court has held contrary to *In re Murphy, supra.* Thus, applying *In re Jenkins, supra,* it is my determination that the automatic stay provision of 11 U.S.C. § 362(a) tolls the redemption period on the two parcels of real estate in this action. Until a further hearing is held, the automatic stay provision of 11 U.S.C. § 362(a)(4) prohibits application for the Public Trustee's Deeds on these properties.