In re David **PRIDHAM** and Virginia Pridham, individually and doing business as Sierra Mechanics, Debtor.

Roger **STEELE**, Plaintiff,

v.

David **PRIDHAM** and Virginia Pridham, individually and doing business as Sierra Mechanics, Defendants.

Bankruptcy No. 282–04938–D–11.
Adv. No. 283–0339.

United States Bankruptcy Court,
E.D. California.

July 14, 1983.

Thomas D. Kolpacoff, South Lake Tahoe, Cal., for debtors/defendants.

Feldman, Shaw & DeVore by Joseph W. Tillson, South Lake Tahoe, Cal., for plaintiff.

## MEMORANDUM OPINION & DECISION

LOREN S. DAHL, Bankruptcy Judge.

The application now before the court requests a determination as to the scope of the automatic stay imposed upon the filing of a bankruptcy petition by 11 U.S.C. Section 362(a) with respect to the running of time for reinstatement of a loan that is in default and secured by real property. Applicant contends that the three month reinstatement period, following the recordation of a notice of default, provided for in California Civil Code Section 2924 et seq. is not tolled by Section 362(a). The notice of default in question was recorded on November 3, 1982, and the debtors filed bankruptcy on December 7, 1982. The debtors argue that the automatic stay must apply to the reinstatement period provided for in the Civil Code so that this right may be preserved by debtors during the pendency of a bankruptcy petition. Debtors further allege a belief on their part that the Section 362(a) stay would toll the running of time was an important factor in deciding to file bankruptcy.

Section 362(a) of the Bankruptcy Code specifies the breadth of the automatic stay. Though the circumstances provided for in this section are extremely broad, it seeks to stay affirmative conduct of creditors that would better their position vis-a-vis other creditors and provide the debtor with some breathing space safe from the hounding of creditors. Section 362 does not purport to alter existing rights between the parties. The conduct expressly stayed by Section 362(a) is:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor . . . or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

Though the debtor does not specify which paragraphs of Section 362(a) apply to the instant situation, upon review, the only plausible grounds would be in paragraphs (3), (4), and (5). To hold that these paragraphs toll the running of time, this court would have to find that a previously filed notice of default is a continuing "act" of the creditor. Such a fiction would go beyond the scope of conduct sought to be controlled by Section 362(a). The act was recording the notice of default. Once completed, the next act would be the recording of a notice of sale, only after the required period of inaction [three months] passed. The mere running of time on contractual rights is not an act of a creditor within the meaning of Section 362(a). This interpretation of Section 362(a) is consistent with opinions issued by other courts in review of this issue. See *Bank of Commonwealth v. Bevan,* 13 B.R. 989 (E.D.Mich.S.D.1981); *Ecklund & Swedlund Development Corp. v. Hennepin Federal Savings & Loan Association of Minneapolis,* 17 B.R. 451 (Bkrtcy.Ct. Minn.1981).

Another important factor in interpreting the scope of Section 362(a) to not include the running of time within the automatic stay is that Congress expressly addressed the issue of the time in which a debtor will have to cure a default in 11 U.S.C. Section 108(b). This section provides that the debtor may cure the default at any time prior to the later of the following: "(1) the end of such period [as provided for in the agreement], including any suspension of such period occurring on or after the commencement of the case; and (2) 60 days after the order for relief." 11 U.S.C. Section 108(b). If the court interpreted Section 362(a) to apply to the running of time for the curing of a default, Section 108(a) would be superfluous because the cure period would never expire absent relief from the stay being granted. Such an interpretation would be contrary to the general rules of statutory construction that provide for the reading of potentially conflicting statutes in a manner to give full effect to both sections. In holding the running of time to be outside the scope of the stay imposed by Section 362, this court can give full effect to the intention of Congress as expressed by Section 108(a).

Therefore, this court holds that the time period specified in which a party has to cure a default under a promissory note that is secured by a deed of trust is not tolled by the automatic stay of Section 362(a). Once the notice of default was recorded, the three month redemption period specified in California Civil Code Sections 2924 et seq. began to run and continued to run even though a bankruptcy petition was filed.

This Memorandum Opinion and Decision shall constitute findings of fact and conclusions of law.

Counsel for the plaintiff is requested to prepare and submit an order consistent herewith.