In re CUCUMBER CREEK DEVELOP-
MENT, INC., Debtor.

Patricia Ann WESTERGAARD and
Thomas J. Pollard, Plaintiffs,

v.

CUCUMBER CREEK DEVELOPMENT,
INC., Defendant.

Civ. A. No. 83–K–1087.
Adv. No. 83 J 0694.

United States District Court,
D. Colorado.

Sept. 27, 1983.

Vicki S. Porter, Sweig & Pockross, Denver, Colo., for plaintiffs.

Nevin A. Seeger, Richard A. Francis, Denver, Colo., for defendant.

KANE, District Judge.

This bankruptcy appeal presents an issue of considerable importance which presently divides not only several district [1] and bankruptcy courts,[2] but also the bankruptcy courts within this district.[3] At issue is the applicability of the automatic stay provisions of 11 U.S.C. § 362 to toll a state foreclosure redemption period.

By virtue of a 1982 promissory note Cucumber Creek became indebted to plaintiffs in the principal amount of $325,000. The entire balance plus interest was due and payable on May 1, 1982. When Cumber

---

1. Compare In Re Martinson, 26 B.R. 648 (D.C. D.N.D.1983), Bank of Ravenswood v. Patzold, 27 B.R. 542 (D.C.N.D.Ill.1982), Bank of Commonwealth v. Bevan, 13 B.R. 989 (D.C.E.D. Mich.1981), with In Re Jenkins, 19 B.R. 105 (D.C.Colo.1982).

2. The following cases have followed Bank of Commonwealth v. Bevan in applying 11 U.S.C. § 108 to a statutory redemption period: In Re Pridham, 31 B.R. 497 (Bkrtcy.Cal.1983); Matter of Markee, 31 B.R. 429 (Bkrtcy.Idaho 1983); In Re Owens, 27 B.R. 946 (Bkrtcy.E.D.Mich.1983); In Re Murphy, 22 B.R. 663 (Bkrtcy.Colo.1982); Matter of Construction Leasing and Inv. Corp., 20 B.R. 546 (Bkrtcy.M.D.Fla.1982); In Re New Town Mall, 17 B.R. 326 (Bkrtcy.S.D.1982); In Re Ecklund & Swedlund Development Corp., 17 B.R. 451 (Bkrtcy.Minn.1981); In Re Headley, 13 B.R. 295 (Bkrtcy.Colo.1981).

The following cases have followed my opinion in In Re Jenkins: Eaton Land & Cattle Co. II v. Rocky Mountain Investments, 28 B.R. 890 (Bkrtcy.Colo.1983); In Re Shea Realty, Inc., 21 B.R. 790 (Bkrtcy.Vt.1982); In Re Jones, 20 B.R. 988 (Bkrtcy.E.D.Pa.1982); In Re H & W Enterprises, Inc., 19 B.R. 582 (Bkrtcy.Iowa 1982); In Re Sapphire Investments, 19 B.R. 492 (Bkrtcy. Ariz.1982); Matter of Dohm, 14 B.R. 701 (Bkrtcy.N.D.Ill.1981); In Re Johnson, 8 B.R. 371 (Bkrtcy.Minn.1981).

3. Compare Eaton Land & Cattle Company II v. Rocky Mountain Investments, 28 B.R. 890 (Bkrtcy.Colo.1983) with In Re Murphy, 22 B.R. 663 (Bkrtcy.Colo.1982); In Re Headley, 13 B.R. 295 (Bkrtcy.Colo.1981).

Creek defaulted on the note, plaintiffs foreclosed against the real property by which the note was secured. The property was sold on July 7, 1982. It was "agricultural real estate" as that term is defined in *Colo. Rev.Stat.* § 38–39–102 (1982), and thus the debtor's redemption period expired on January 7, 1983. On the date the redemption period expired, the debtor filed a chapter 11 petition.

Plaintiffs began this adversary proceeding on March 30, 1983, seeking relief from the stay provisions, if they applied, to permit them to conclude the foreclosure against the debtor's property. The bankruptcy court, Brumbaugh, J., granted the relief sought by the plaintiffs. Judge Brumbaugh specifically concluded that § 362's automatic stay provisions did not apply in the face of the more specific statutory provisions of 11 U.S.C. § 108.

I have had an opportunity in the past to address this question in a slightly different context. *In Re Jenkins,* 19 B.R. 105 (D.C. Colo.1982). There, I ruled that § 362(a)'s automatic stay tolled the state redemption period to preserve "those property rights which I have found to be possessed by the debtor at the time of filing." 19 B.R. at 110. In *Jenkins,* however, I did not discuss or consider the applicability of 11 U.S.C. § 108 to such a case. Given an opportunity to consider the question here and to review the body of case law which has developed, I now conclude that § 362(a) is inapplicable, and that state redemptive rights may be preserved and extended only to the extent provided by § 108.

In pertinent part, § 362(a) provides that a petition filed under chapter 11 operates as a stay of

(3) any act to obtain possession of property of the estate or property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that' such lien secures a claim that arose before the commencement of the case under this title. . . .

Where it has been considered, no one has denied the importance and centrality of the automatic stay to the Bankruptcy Act of 1978. *See* Kennedy, *Automatic Stays Under the New Bankruptcy Law,* 12 Mich.J.L. Ref. 1 (1978). Pertinent portions of its legislative history are oft-cited:

> [t]he automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

S.Rept. No. 95–984, 95th Cong. 2d Sess. 49, 54, 55 (1978), reprinted in 1978 U.S.Code Cong. & Adm.News, 5787, 5835, 5840, 5841.

To hold that the automatic stay provision tolls the running of the redemption period, however, I would have to find and identify some "act" of the plaintiffs' within the meaning of § 362(a). For example, I would have to find that causing the 21 day notice of foreclosure sale to be issued is a continuing act within the meaning of § 362(a). *Colo.Rev.Stat.* § 38–39–102(4) (1982). "Such a fiction would go beyond the scope of conduct sought to be controlled by Section 362(a)." *In Re Pridham,* 31 B.R. 497, 499 (Bkrtcy.E.D.Cal.1983). The "act" complained of here, "[t]he mere running of time on contractual rights," is not "an act of a creditor within the meaning of § 362(a)."

31 B.R. at 499. *Accord, Matter of Markee,* 31 B.R. 429 (Bkrtcy.Idaho 1983).

Title 11 U.S.C. § 108(a) provides, in pertinent part,

> if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
>
> (2) 60 days after the order of relief.

The only mention of section 108(b) in the legislative history is as follows:

> [s]ubsections (1) and (b), derived from Bankruptcy Act section 11, permit the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights. . . .
>
> Subsection (b) gives the trustee 60 days to take other actions, not covered in subsection (a), such as filing a pleading, demand, notice, or proof of claim or loss (such as an insurance claim), unless the period for doing the relevant act expires later than 60 days after the date of the order for relief.

S.Rpt. No. 95–989, 95th Cong. 2d Sess. 30 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News, 5787, 5816. My only concern in applying section 108 to the instant case stems from the fact that the tolling of redemption periods is nowhere specifically mentioned in the legislative history of the 1978 act, the proposed Bankruptcy Act of 1973,[4] the Chandler Act of 1938,[5] or the original act of 1898.[6]

Most courts passing on the applicability of section 108 have mentioned the fact that where one section of the Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict. *Bank of the Commonwealth v. Bevan,* 13 B.R. 989 (D.C.Mich.1981); *In Re Ecklund & Swedlund Development Corp.,* 17 B.R. 451 (Bkrtcy.Minn.1981). At least two other courts have been able to reconcile the linguistic conflict. *In Re H & W Enterprises, Inc.,* 19 B.R. 582, 586, 587 (Bkrtcy. Iowa 1982); *In Re Johnson,* 8 B.R. 371 (Bkrtcy.Minn.1981). In my opinion, however, the language of section 108(b) is broad enough—"perform any other similar act"—to encompass an opportunity to redeem as presented here. Collier, without citing any authority, is in agreement. *4 Collier on Bankruptcy,* ¶ 541.07 (15th ed.).

Unquestionably, the application of section 108(b) to redemptive rights alters the status quo intended to be preserved by the filing of a bankruptcy petition. The trustee, however, is given at least 60 days within which to inventory the estate and determine whether to redeem any property. Whether the trustee may move to extend the 60 day period pursuant to section 105(a), is a question I need not address here. *See Matter of Markee,* 31 B.R. 429 (Bkrtcy.Idaho 1983).

The property in question was sold on July 7, 1982. The last date on which to redeem was January 7, 1983, the date on which the bankruptcy petition was filed. Pursuant to section 108(b), the period of redemption was extended only for an additional 60 days, to

---

**4.** Report on the Commission on the Bankruptcy Laws of the United States, Part II, House document No. 93–137, Part II, 93d Cong. 1st Sess. 68. *See* proposed Section 4–102.

**5.** *See* H.Rpt. No. 1409, 75th Cong. 1st Sess. 22 (1937); S.Rpt. No. 1916, 75th Cong. 3d Sess. 13 (1938). *And see* former 11 U.S.C. § 29(e).

**6.** *See* Conference Report, Uniform System of Bankruptcy, Senate Doc. No. 294, 55th Cong. 2d Sess. 7 (1898); Report, Uniform Law on the

Subject of Bankruptcies, House Report No. 1228, 54th Cong. 1st Sess. 28 (1896). Both the senate and house bills had identical provisions:

> Sec. 10. Suits By and Against Bankrupts—A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of the petition against him, shall be stayed until after the adjudication or the dismissal of the petition. . . .

March 8, 1983. The order appealed from here is therefore affirmed.