In re Michael H. THOMAS and Cheryl L. Thomas, Debtors.

Bankruptcy No. 88 B 00364 J.

United States Bankruptcy Court, D. Colorado.

June 20, 1988.

Harold J. Baer, Jr., Denver, Colo., for debtors.

Larry D. Harvey, Englewood, Colo., for Western Mortg. Loan Corp.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

THIS MATTER comes before the Court upon a Motion for Relief from Automatic Stay filed by Western Mortgage Loan Corporation ("Western").

The evidence showed that on November 4, 1987, Western received a Public Trustee's Certificate of Purchase as a result of a foreclosure of its Deed of Trust on the Debtors' residential real property (Plaintiff's Exhibit A) in return for the bid of $77,445.90.

On January 12, 1988, the Debtors filed their Chapter 13 petition. On January 26, 1988, the Debtors filed their Chapter 13 Plan and on March 8, 1988, they filed their Motion to Confirm and sent notice to Western.

On March 23, 1988, Western filed Proof of Claim asserting a secured claim with a principal balance of $78,745.43, a delinquency of $9,343.64, and a value of the security of $71,200.00. On that Proof of Claim, Western clearly accepted the Debtors' Chapter 13 Plan.

On April 11, 1988, the Court confirmed the Chapter 13 Plan. The Plan provides that the default to Western of $9,537.00 will be paid through the Plan with a 10% capitalization rate and that regular monthly payments of $867.00 would be made to Western "outside" the Plan.

Up to this point, neither the Debtors nor Western gave any indication that there had been a foreclosure sale. In fact, attached to Western's Proof of Claim was an Exhibit "A" which detailed both a "Payoff" figure and a "Reinstatement" figure—$78,745.43 and $9,343.64, respectively—as of January 12, 1988. These calculations included accrued interest, late charges, reprocessing fees, reconveyance fees, attorney's fees and costs, etc. All of which would indicate that foreclosure proceedings were commenced by Western, but not completed.

Following confirmation, Debtors commenced payments as provided in their Plan both to the Chapter 13 Trustee and to Western. Western accepted the payments, save and except for the latest installment which Western refused.

On April 25, 1988, Western filed the within Motion for Relief from Automatic Stay and on May 9, 1988, filed an Amended Proof of Claim which is identical to their original (including the attached Exhibit "A") except now Western rejects the Chapter 13 Plan.

Initially, the Court notes that, in accordance with *Estes v. Garcia*, 42 B.R. 33 (Bankr.Colo.1984), Western's Motion for Relief from Automatic Stay must be considered as a motion to dismiss the Chapter 13 case. The standards for dismissal of a Chapter 13 case are set forth in 11 U.S.C. § 1307(c). The evidence presented did not establish that the Debtors violated any of the enumerated standards in §§ 1307(c)(1) through (10). That leaves the Court to decide if there is cause to dismiss or convert to Chapter 7, whichever is in the best interests of creditors and the estate.

Since the Public Trustee's foreclosure sale under Western's Deed of Trust occurred on November 4, 1987, the normal 75 day redemption period available to the Debtors would have expired January 18, 1988. C.R.S. § 38–39–102(1). But because the Debtors filed their Chapter 13 Petition on January 12, 1988, the redemption period was extended for 60 days from January 12, 1988, or to March 12, 1988 by operation of 11 U.S.C. § 108(b). *Westergaard v. Cucumber Creek Development, Inc.*, 33 B.R. 820 (D.Colo.1983). Actually, because March

12, 1988 fell on a Saturday, the redemption period was extended to March 14, 1988, by operation of C.R.S. § 38–39–102(7). By operation of law, when the Debtors had not redeemed from the foreclosure sale on that date, title to the real property *automatically* vested in Western. C.R.S. § 38–39–110.[1]

At that point, the only right to the real property held by the Debtors was the right to possession. Because Western had bid in its entire indebtedness to the foreclosure sale, there was no deficiency. Therefore, at the time of confirmation,[2] Western was not a "creditor" of the estate. "Creditor" is defined as an entity that has a claim against the debtor that arose at or before the order for relief concerning the debtor. 11 U.S.C. § 101(9). "Claim" means either a right to payment or a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment. 11 U.S.C. § 101(4)(A) and (B).

■ The filing and confirmation of the Debtors' Chapter 13 Plan did not reinstate the mortgage previously foreclosed by Western upon which the redemption period had expired. *In re Wallace*, 33 B.R. 29 (Bankr.W.D.Mich.1983). Thus, the provisions of 11 U.S.C. § 1327 do not apply because Western was not a "creditor".

■ However, both Debtors and Western, in complete ignorance of the law, acted as if the Debtors had a right to cure any defaults under the foreclosed Deed of Trust through the Plan. Western not only affirmatively accepted the Debtors' Plan, it submitted as part of its proof of claim, accrued interest and late charges to the date the Debtors filed their Chapter 13 petition—interest and late charges which, in reality, terminated as of the date of the foreclosure sale. Then, post-confirmation, Western accepted its regular monthly payments from the Debtors.

Now Western wants to "reject" the Plan post-confirmation and, in effect, have the court revoke the Plan. But no grounds have been shown that would justify revocation under 11 U.S.C. § 1330.

The effect of all this is that legal title to the property is held by Western and there is no Deed of Trust or promissory note to cure by the Debtors. However, there is a simple contract between the parties—a contract for deed. The Chapter 13 Plan of the Debtors was an offer to purchase and the "acceptance" of the Plan was, in reality, an acceptance of the Debtors' offer, resulting in a contract. It is a contract whereby Western has accepted partial performance by the Debtors when it continued to receive, and cash, approximately five monthly payments from the Debtors. The contract terms just happen to be identical to the terms of the parties' original promissory note and Deed of Trust, which Deed of Trust was recorded May 23, 1983, in book 3870, Page 500, Reception No. 2281020 with the Clerk and Recorder of Arapahoe County, Colorado, with the exception that what would have been defaulted or past due payments under that instrument are to be paid through the Debtors' Chapter 13 Plan. If the Debtors complete their present Chapter 13 Plan and continue to make their regular ¬monthly payments to Western, they will be entitled to a deed to the property from Western.

In the present procedural posture of the case, there have been no grounds shown by Western for granting either relief from the automatic stay or dismissal of the Chapter 13 case. It is, therefore,

ORDERED that the within Motion is denied.

---

1. C.R.S. § 38–39–110 became effective July 1, 1987. Prior to that time, title remained in the mortgagors unless and until the holder of the Certificate of Purchase took the affirmative act of applying for a deed, and the public trustee issued a deed. This amendment to Colorado statutes effectively moots the holding of *In re*

*Murphy*, 22 B.R. 663 (Bankr.Colo.1982) wherein the acts of applying for, and of issuing of a deed, were held stayed by 11 U.S.C. § 362(a)(4).

2. Western was a "creditor" at the time of filing the Chapter 13 petition. *See, In re Robertson*, 4 B.R. 213 (Bankr.Colo.1980).