In re Jack S. STERN, individually and trading as J. S. Stern, Goodman's Quality Shop and The Stern Shop, Debtor.

## CENTRAL PENN NATIONAL BANK, Plaintiff,

v.

Jack S. STERN, individually and trading as J. S. Stern, Goodman's Quality Shop and The Stern Shop,

and

Samuel Alper, Trustee, Defendants.

Bankruptcy No. 80–00350G.

Adv. No. 80–0764G.

United States Bankruptcy Court, E. D. Pennsylvania.

March 4, 1981.

---

Robert A. Kargen, Philadelphia, Pa., for plaintiff Central Penn Nat. Bank.

Martin S. Goodman, Philadelphia, Pa., for debtor, Jack S. Stern, individually and trading as J. S. Stern, Goodman's Quality Shop and The Stern Shop.

Samuel Alper, Philadelphia, Pa., Trustee.

Adelman & Lavine, Philadelphia, Pa., for trustee, Samuel Alper.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The preliminary issue in this case is whether the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") enjoins action by a prepetition secured creditor against property which the debtor has claimed as exempt. We conclude that it does and will therefore deny the trustee's motion to dismiss the secured creditor's complaint seeking relief from the stay.

The facts of the instant case are as follows:[1] Central Penn National Bank ("Central Penn") is a secured creditor of Jack S. Stern ("the debtor") holding liens on certain real property owned by the debtor and his wife as tenants by the entirety.[2] Central Penn has filed a complaint for relief from the automatic stay of § 362(a) to permit it to proceed to enforce its liens on that real property. The trustee was named as a defendant in that action and has filed a motion to dismiss for lack of jurisdiction pursuant to Rule 712(b) of the Rules of Bankruptcy Procedure.[3] The basis of the trustee's motion is that, since the debtor has claimed the real property in question as part of his exemptions,[4] that real property is no longer part of the estate and is, therefore, no longer subject to the automatic stay.[5]

We do not agree with the trustee's contention. As stated by Central Penn in its answer to the trustee's motion to dismiss, § 362(a) stays various actions against the property which is exempt under state law, as well as:

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. That real estate is located at: One Edgemoor Road, Cheltenham Township, Montgomery County, Pennsylvania; 2643 Germantown Avenue, Philadelphia, Pennsylvania; 1436–38–40 Point Breeze Avenue, Philadelphia, Pennsylvania; 1421–23 and 1428 West Columbia Avenue, Philadelphia, Pennsylvania.

3. Rule 712(b) of the Rules of Bankruptcy Procedure provides that Rule 12(b) of the Federal Rules of Civil Procedure applies (with exceptions not applicable herein) to adversary proceedings in bankruptcy. Rule 12(b)(1) provides for a motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

4. Under § 522(b)(2) of the Code, an individual may claim as exempt from the estate certain

5. The trustee did not assert that we lack jurisdiction over the property of the debtor since it is clear that we do have such jurisdiction. *See* 28 U.S.C. § 1471(e), made applicable during the transition period by The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, § 405(b), 92 Stat. 2685 (1978), which states:

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

debtor and the debtor's property, as well as against the property of the estate. In particular, § 362(a)(5) stays: "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." The legislative history to that section states that: "Paragraph (5) stays any act to create or enforce a lien against property of the debtor, that is, most property that is acquired after the date of the filing of the petition, *property that is exempt*, or property that does not pass to the estate...." (Emphasis added.) H.R.Rep.No.95–595, 95th Cong., 1st Sess. 340–42 (1977); S.Rep. No.95–989, 95th Cong., 2d Sess., 49–51 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6298.

Consequently, any action to enforce a lien on the property claimed by the debtor herein as exempt is stayed by § 362(a)(5) and a complaint for relief from the automatic stay pursuant to § 362(d) is necessary and proper. We will, accordingly, deny the trustee's motion to dismiss Central Penn's complaint and set a date for the trial of the merits of that complaint.