**In re Ronald E. DOYLE, Jr., Gail A. Doyle, Debtors.**

**Bankruptcy No. 79–01875G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

May 22, 1981.

Mary Beth Seminario, Delaware Legal Aid, Chester, Pa., for debtors, Ronald E. Doyle, Jr. and Gail A. Doyle.

William A. George, Media, Pa., for Beneficial Savings Bank.

Leonard P. Goldberger, Philadelphia, Pa., Interim Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is what remedy a creditor may obtain for the failure of a debtor to comply with the terms of this confirmed chapter 13 plan. We conclude that, since the debtor has subsequently converted his chapter 13 case to a case under chapter 7 of the Bankruptcy Code ("the Code"), the creditor's only remedy is to utilize the procedures presently available under the Code to any creditor in a case under chapter 7.

The facts of the instant case are as follows:[1] On October 3, 1979, Ronald E. Doyle, Jr., and Gail A. Doyle ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Code. On March 28, 1980, we entered an order confirming the modified chapter 13 plan which had been filed by the debtors. That plan provided, in relevant part, that the debtors would either

(1) surrender the property securing any allowed secured claim to the holder thereof if such holder does not accept the plan; or

(2) distribute under the plan to such holder property having a value, as of the effective date of the plan, not less than the allowed amount of such claim and such holder shall retain the lien securing such claim until the amount of the allowed secured claim had been paid in full.

Under their "Schedule of Debts and Proposed Payments" which accompanied that modified plan the debtors listed a secured claim in the amount of $14,800 owed to

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Kirk Mortgage Company. In the "Remarks" column beside that claim was the following: "Secured claim. Mortgage on premises. Premises 2715 Smithers St., Chester, to be surrendered by debtors."

On March 30, 1981, Beneficial Savings Bank ("Beneficial") filed a motion for enforcement of order and contempt[2] alleging that it is the assignee of Kirk Mortgage Company's interests in the above premises, that the debtors have to date failed to comply with the terms of the confirmed plan by surrendering the premises, that the debtors remain in possession of the premises without having made any mortgage payments since confirmation, and that the debtors have further resisted and delayed the attempts made by Beneficial to clear title to the premises by foreclosure proceedings instituted in the state courts.

At the hearing on Beneficial's motion, the debtors admitted that Beneficial is the assignee of Kirk Mortgage Company and that they (the debtors) have failed to surrender the premises or to make any mortgage payments to Beneficial. By way of explanation, the debtors assert that they have valid defenses to Beneficial's state court mortgage foreclosure proceedings which they should be permitted to assert therein. Alternatively, they stated that they were simultaneously converting their chapter 13 case to a chapter 7 liquidation case, as a result of which the premises became part of the debtors' estate. Consequently, the debtors assert that the trustee must abandon the property before Beneficial may obtain possession of it.

We agree with the latter argument of the debtors. Under § 1307(a) of the Code, a chapter 13 debtor has the absolute right at any time to convert his chapter 13 case to a case under chapter 7. In the instant case the debtors have exercised that right. Consequently, the case before us is a chapter 7 case and the chapter 13 plan and the order confirming that plan are no longer in force. We therefore conclude that Beneficial is not entitled to an order enforcing the terms of the debtors' plan or an order holding the debtor in contempt for failing to comply with the terms of that plan.[3] The only relief which Beneficial may seek is whatever remedies such a creditor may have in a case under chapter 7.[4]

---

2. Beneficial at the hearing herein indicated that it did not request that we find the debtors in contempt but that it was only interested in obtaining possession and title to the property.

3. Even if the present case were still one under chapter 13, Beneficial would not be entitled to the requested relief. The only remedies available under the Code to a creditor for the failure of a debtor to comply with the terms of his chapter 13 plan are dismissed or conversion of the case under § 1307(c) or the denial of a discharge under § 1328(b).

4. A complaint for relief from the stay under § 362(d) of the Code appears to be the remedy which Beneficial will need to be permitted to proceed with its state foreclosure action. The erroneous suggestions of the debtors that Beneficial could seek to have the chapter 7 trustee abandon the property would not give Beneficial the relief it seeks because the automatic stay provisions of § 362(a) still apply to property which has been abandoned. See our opinion in In re Stern, 9 B.R. 747 (Bkrtcy.E.D.Pa., 1981).