In re Samuel and Denise TUMMILLO, Debtors.

In re Zuria v. BROWN f/k/a Zuria v. Hudson, Debtor.

In re Carol SPIVEY, Debtor.

In re Edward and Marian ANDREWS a/k/a Marion Callahan, Debtors.

In re Kevin J. BALAS, Debtor.

Bankruptcy Nos. 881–82843–20, 881–82823–20, 881–82664–20, 881–82786–20 and 881–82634–20.

United States Bankruptcy Court, E. D. New York, at Westbury.

Oct. 19, 1981.

---

Paul Ades, Murov & Ades, Lindenhurst, N.Y., for movant GMAC.

## MEMORANDUM

ROBERT J. HALL, Bankruptcy Judge.

On October 6, 1981, General Motors Acceptance Corporation ("GMAC") moved under section 554(b) of the Code, 11 U.S.C. § 554(b) (Supp. III 1979), for an order directing the various trustees to abandon their respective interests in the vehicles owned by the Chapter 7 debtors in which GMAC held security interests. The motions were granted. Accordingly, GMAC settled a proposed order on each debtor's attorney and the appropriate trustee. These proposed orders, in addition to providing for the abandonment of the trustee's interest, also provided for a vacating of the automatic stay. GMAC was apparently of the opinion that an abandonment automatically terminated the section 362 stay. In this regard, however, they are mistaken.

> Property may be abandoned by the Trustee so that the estate is not burdened with property which is so encumbered or obviously exempt as to be of no value to unsecured creditors. *In re Thomas*, 204 F.2d 788, 792 (7th Cir. 1953). While abandonment causes the interest of the estate in property to pass back to the debtor, the Bankruptcy Court still has jurisdiction over the property of the debtor under 28 U.S.C. § 1471(e), and actions against the property of the debtor are still stayed under 11 U.S.C. section 362(a)(5).

*In re Bennett*, 13 B.R. 643 (Bkrtcy.W.D. Mich.1981) (citing *In re Motley*, 10 B.R. 141, 7 B.C.D. 477 (Bkrtcy.M.D.Ga.1981); *In re Cruseturner*, 8 B.R. 581, 7 B.C.D. 235 (Bkrtcy. Utah 1981)).

This conclusion is based on the language of the subsections, *compare* 11 U.S.C. at § 362(a)(5) and (c)(2) *with* 11 U.S.C. at § 362(c)(1), their legislative history, *see* H.R. Rep. 595, 95th Cong., 1st Sess. 343 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad. News 5787, 5963, 6299 and the belief that Congress necessarily intended this interpretation in order to enable debtors to effectively exercise their redemption rights under section 722. *In re Cruseturner,* 8 B.R. 581, 7 B.C.D. at 240–41, see *In re Doyle*, 11 B.R. 110, 7 B.C.D. 1010, 1011 n.4 (Bkrtcy.E. D.Pa.1981); *In re Motley*, 10 B.R. 141, 7 B.C.D. at 479–80. *See also* 11 U.S.C. at § 722.

Consequently, although none of the debtor's attorneys felt obligated to object to these proposed orders, the Court feels constrained to correct them by deleting the provision vacating the automatic stay.