In re D'ANNIES RESTAURANT, INCORPORATED, Debtor.

D'ANNIES RESTAURANT, INCORPORATED, Plaintiff,

v.

NORTHWESTERN NATIONAL BANK OF MANKATO, and William P. Westphal, United States Trustee, Defendants.

Bankruptcy No. 3–81–403.
Adv. No. 81–0115.

United States Bankruptcy Court, D. Minnesota.

Dec. 14, 1981.

Memorandum of the Law Rev.Com., Leg. Doc.No. 65A (1976), *reprinted in* [1976] N.Y. Laws 2153–54 (McKinney).

Hendrik DeJong, Minneapolis, Minn., for defendant, Northwestern National Bank of Mankato.

## MEMORANDUM OPINION

JOHN J. CONNOLLY, Bankruptcy Judge.

In this Case, the Court is requested to determine that a trustee's voluntary abandonment of property of the estate, where the debtor is a corporation and possession of the property is delivered by the trustee to a creditor holding a lien upon the property, terminates the automatic stay under § 362 of the Bankruptcy Code with respect to the enforcement of liens upon such property.

This adversary proceeding arises in the bankruptcy case of D'Annies Restaurant, Inc., a corporation (the "Debtor"). The case was commenced as a case under Chapter 11 of the Bankruptcy Code and was subsequently converted to a Chapter 7 case.

After the case was converted, the Debtor's trustee voluntarily abandoned certain property of the estate, including the Debtor's inventory, receivables, equipment and general intangibles. The property was abandoned on the ground that the property was burdensome or of inconsequential value to the estate because it was subject to valid liens in excess of the value of the property. Possession of the abandoned property was delivered by the trustee to Northwestern National Bank of Mankato, a creditor holding a lien thereon.

The creditor now seeks a determination that the automatic stay no longer applies with respect to the enforcement of liens against the abandoned property.

Pursuant to § 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as a stay of:

"(4) any act to create, perfect, or enforce any lien against property of the estate; [and]

"(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case. . . ."

Property abandoned by the trustee pursuant to § 554 of the Code ceases to be property of the estate and, accordingly, is no longer protected by the automatic stay

under § 362(a)(4). *See* § 362(c)(1). The question is whether such property continues to be protected by the automatic stay as "property of the debtor" under § 362(a)(5).

Under the Bankruptcy Act, abandonment of property by the trustee divested the trustee of title and revested it in the bankrupt, subject to enforceable claims of mortgagees and lienholders. *See generally* 4A Collier on Bankruptcy (14th ed.) Par. 70.42[4]. Although it was not uncommon to speak of abandonment of property to a lienholder, as opposed to the bankrupt, the better view under the Act was that delivery of the abandoned property to a lienholder was not sufficient to vest title in the lienholder and that foreclosure of the lien in accordance with the laws of the jurisdiction under which it was created was still required. *Id.* 515 at n.22.

The legislative history of the Bankruptcy Code does not establish that Congress intended to change this rule:

> This section [that is, § 554] authorizes the court to authorize the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value to the estate. Abandonment may be *to any party with a possessory interest in the property abandoned.* In order to aid administration of the case, subsection (b) deems the court to have authorized abandonment of any property that is scheduled under section 521(1) and that is not adminstered before the case is closed. That property is deemed abandoned *to the debtor.* Subsection (c) specifies that if property is neither abandoned nor administered it remains property of the estate. [S.Rep.No. 95–989, 95th Cong., 2d Sess. 92, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5878; *accord,* H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 377 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 6333] [Emphasis added]

Although it is clear that Congress contemplated abandonment "to the debtor" or "to"

some other party, the pre-Code law and practice suggest that this usage refers simply to the delivery of possession of the abandoned property and does not mean that abandonment of property by delivery to a lienholder is sufficient to transfer the debtor's title without necessity of foreclosure.

Nevertheless, even though upon abandonment the abandoned property revests in the debtor, this does not establish that abandoned property is "property of the debtor" as that term is used in § 362(a)(5). Indeed, the legislative history of § 362, the purposes of the automatic stay, and the interests of efficient bankruptcy administration and judicial economy all establish that the phrase "property of the debtor", as used in § 362(a)(5), is to be narrowly construed so as to exclude assets of a corporate debtor abandoned "to" a lienholder.[1]

The legislative history of § 362(a)(5) makes it clear that the Congress made the automatic stay applicable to what it elected to call "property of the debtor" to cover specific circumstances under which the enforcement of liens would impair rights accorded to debtors under the Bankruptcy Code:

> Paragraph (5) stays any act to create or enforce a lien against property of the debtor, that is, most property that is acquired after the date of the filing of the petition, property that is exempted, or property that does not pass to the estate, to the extent that the lien secures a prepetition claim. Again, to permit post-bankruptcy lien creation or enforcement would permit certain creditors to receive preferential treatment. It may also circumvent the debtors' discharge.
>
> [S.Rep.No. 95–989, 95th Cong., 2d Sess. 50 (1978), H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 341 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5836, 6298]

While this excerpt might form the basis for an argument that "property of the debtor" is intended to mean only exempt property, newly acquired property and the other

---

**1.** "Property of the debtor" is not a defined term in general use for a variety of purposes under the Bankruptcy Code, and therefore the scope and meaning of this phrase, as used in § 362(a)(5), may properly be determined by reference to the history and purposes of § 362.

types of property specifically identified in this excerpt, it would be inappropriate to limit the term that narrowly. For example, nonexempt consumer goods abandoned by the trustee are not specifically mentioned,[2] but continuance of the automatic stay may well be appropriate to protect an individual debtor's right to redeem such goods under § 722.

■ What is clear, however, is that the Congress used the term "property of the debtor" so as to extend the automatic stay to assets of the debtor not included in the estate where necessary to protect a significant right of the debtor under the Bankruptcy Code. Examples of significant bankruptcy rights of the debtor which Congress sought to protect by the automatic stay are the debtor's right to a discharge, the debtor's exemptions and lien avoidance rights under § 522, and the right of redemption under § 722.

No such rights are involved when assets of a debtor which is not an individual are abandoned to a lienholder. Only an individual debtor may be discharged in a chapter 7 case, § 727(a)(1), and in a Chapter 11 case the debtor in possession or trustee may reasonably be assumed not to retain an interest warranting imposition of the automatic stay upon property which that same debtor in possession or trustee has voluntarily abandoned. Only an individual debtor is entitled to exempt assets and avoid liens under § 522, and only an individual debtor may redeem abandoned consumer goods under § 722.

■ Thus, the legislative history and purposes of § 362 establish that the automatic stay does not survive voluntary abandonment of property of the estate to a lienholder, when the debtor is a corporation or partnership. The interests of efficient bankruptcy administration and judicial economy likewise support this conclusion.

If in corporation and partnership cases the automatic stay survives voluntary abandonment to a lienholder, the lienholder would be required to incur the expense and delay attendant upon seeking relief from an automatic stay which the debtor in possession or trustee which voluntarily made the abandonment would no doubt not contest. While a more summary procedure might be put in place, a requirement that the matter be submitted to the Court under any procedure, where there is no compelling necessity of an existing controversy, would be fundamentally inconsistent with Congress' declared intent to take the Bankruptcy Court out of bankruptcy administration and to limit the Court's role to the adjudication of disputes. *See, e.g.,* H.R.Rep.95–595, 95th Cong., 1st Sess. 107 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 6068–69. In any event, the Court retains its jurisdiction under 28 U.S.C. § 1471 and Section 405(b) of the Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, and has power under § 105 of the Code to grant appropriate relief should the need for it arise.

The question whether the automatic stay survives voluntary abandonment of property of the estate has been considered in several decisions rendered in consumer cases. *In re Cruseturner,* 8 B.R. 581 (B.C.D. Utah 1981); *In re Motley,* 10 B.R. 141 (B.C. M.D.Ga.1981); *In re Bennett,* 13 B.R. 643 (B.C.W.D.Mich.1981); *In re Tummillo,* 14 B.R. 736 (B.C.E.D.N.Y.1981). The most fully articulated opinion is to be found in the *Cruseturner* case, in which the court held that the automatic stay continued in effect following abandonment of consumer goods which were evidently in the possession of an individual debtor and which the debtor desired to redeem, and suggested, by way of dictum, that this rule also applies in corporation and partnership cases. The *Cruseturner* court acknowledged the "heavy burden and considerable consternation" this

---

**2.** Unless deemed covered by "acquired after the date of filing". Such an interpretation would automatically include all abandoned property of any type of debtor. Given the Congress' avowed concern about protecting the debtor's discharge, however, it seems reasona-

ble to suppose that the predominant objective was to protect property, acquired by the debtor after commencement of the case, that never was property of the estate and does not become property of the estate, when acquired by the debtor, by reason of the provisions of § 541.

rule might cause and suggested a summary and inexpensive procedure as a possible solution. For the reasons set forth above, while the holding in the *Cruseturner* case is correct the dictum is unnecessary to the decision in the case and is not consistent with the scope and purposes of § 362(a)(5).

 For these reasons, this Court holds that "property of the debtor", as used in § 362(a)(5), does not include the assets of a corporate or partnership debtor voluntarily abandoned to a lienholder in accordance with § 554 of the Bankruptcy Code and that the lienholder may enforce its lien upon such assets free from the automatic stay.