In re John G. GASSAWAY, Debtor.

John G. GASSAWAY, Plaintiff,

v.

FEDERAL LAND BANK OF NEW ORLEANS, Merchants and Farmers Bank of Kosciusko, and the Bank of North Mississippi, Defendants.

Bankruptcy No. ES82–10089.
Adv. No. ES82–1447.

United States Bankruptcy Court,
N.D. Mississippi, E.D.

March 31, 1983.

Opinion on Voiding Foreclosure Sale
April 1, 1983.

Charles T. Yoste, Starkville, Miss., for plaintiff.

James E. Brown, Starkville, Miss., for defendant Merchants & Farmers Bank of Kosciusko.

Hobbs & Brand, Jackson, Miss., for defendant Federal Land Bank of New Orleans; Marc E. Brand, Jackson, Miss., of counsel.

Hal H.H. McClanahan, III, Columbus, Miss., for defendant The Bank of North Mississippi.

## MEMORANDUM OPINION

EUGENE J. RAPHAEL, Bankruptcy Judge.

On February 26, 1982, debtor, John G. Gassaway, filed his voluntary chapter 11

petition herein. On April 26, 1982, debtor filed his motion to convert the subject proceeding from chapter 11 to chapter 7 of the 1978 Bankruptcy Code. On May 24, 1982, this court entered its order converting said proceedings from chapter 11 to chapter 7 and appointing Jacob C. Pongetti as trustee. By letter dated July 26, 1982, and filed on July 27, 1982, Jacob C. Pongetti, trustee, abandoned debtor's 129-acre tract of land located in Sections 9 and 10, Township 19 North, Range 15 East, in Oktibbeha County, Mississippi, and debtor's 24.7-acre tract of land located in Section 9, Township 19 North, Range 15 East, in Oktibbeha County, Mississippi, which included the 27-acre homestead parcel hereinafter mentioned as well as certain other property not involved in this adversary proceeding. By order dated and entered on August 2, 1982, this court, on motion of The Bank of North Mississippi, approved by said trustee, approved the abandonment of said 129-acre tract and said 24.7-acre tract. In so doing, this court deleted certain language proposed by movant, The Bank of North Mississippi, which ostensibly would have made such abandonment to said bank. The final form of said order entered on August 2, 1982, simply abandons said property without designating anyone to whom such abandonment is made. By letter dated October 14, 1982, and filed on October 15, 1982, said trustee again abandoned said 129-acre tract and said 24.7-acre tract.

On November 30, 1982, debtor plaintiff, John G. Gassaway, filed his complaint denominated "Motion for Temporary Restraining Order, Permanent and Preliminary Injunction and Order Setting Aside Fraudulent Lien" in this adversary proceeding. In addition to prayers for a temporary restraining order and a preliminary injunction with respect to the "homeplace" of the debtor, said complaint included prayers for an order "voiding the Lien and Trustee's Deed held by The Bank of North Mississippi".

On November 30, 1982, this court entered its order granting a temporary restraining order and fixing the date for hearing on the application for preliminary injunction for December 9, 1982. By order entered on December 10, 1982, the court granted injunctive relief pendente lite against defendant The Bank of North Mississippi, but lifted and cancelled the temporary restraining order as to defendants Federal Land Bank of New Orleans and Merchants and Farmers Bank of Kosciusko. The court denied the application for preliminary injunctive relief against defendants Federal Land Bank of New Orleans and Merchants and Farmers Bank of Kosciusko.

On December 17, 1982, defendant Merchants and Farmers Bank of Kosciusko filed its separate answer, and on December 23, 1982, defendant Federal Land Bank of New Orleans filed its separate answer.

On December 30, 1982, defendant The Bank of North Mississippi filed its answer, affirmative defenses and counterclaim. By said counterclaim The Bank of North Mississippi sought damages against plaintiff and cross-defendant, John G. Gassaway, and prayed that the preliminary injunction be dissolved. It is noteworthy at this point that said counterclaim did not pray for the lifting or termination of the automatic stay provided by 11 U.S.C. section 362.

On January 5, 1983, plaintiff and cross-defendant, John G. Gassaway, filed his answer to the affirmative defenses and counterclaim filed by The Bank of North Mississippi.

By orders dated January 5, 1983, and entered on January 20, 1983, plaintiff's aforementioned complaint denominated "Motion for Temporary Restraining Order, Permanent and Preliminary Injunction and Order Setting Aside Fraudulent Lien" was dismissed with prejudice insofar as the same related to defendant Federal Land Bank of New Orleans and defendant Merchants and Farmers Bank of Kosciusko. At the conclusion of the adversary proceeding conducted on January 5, 1983, as to plaintiff's said complaint and as to the counterclaim interposed by defendant The Bank of North Mississippi, this court ordered that the injunction previously ordered as to defendant The Bank of North Mississippi "is

to continue in full force and effect until such time as the court renders its decision herein". The court reserved its ruling as to the merits of the proceeding as between plaintiff and defendant The Bank of North Mississippi.

On October 23, 1981, plaintiff, John G. Gassaway and his wife, Joann Gassaway, were required by defendant The Bank of North Mississippi to execute a renewal promissory note, consolidating several prior unpaid loans, in the aggregate amount of $111,076.02. No new money was advanced in connection with said renewal loan. In addition to collateral provided earlier to The Bank of North Mississippi in connection with the unpaid loans, said bank required plaintiff and his wife to provide additional collateral in connection with the October 23, 1981, loan renewal. Although plaintiff and his wife later took the position that they were unaware of the fact that the loan papers described their 27-acre homestead parcel on which their mobile home was situated, the deed of trust executed by plaintiff and his wife described the entirety of plaintiff's farm, which said description included the said 27-acre homestead parcel. The lien, however, was subordinate to other liens on the same property. The facts were undisputed that said 27-acre parcel constituted a homestead. Indeed, a bank officer testified to the effect that Mrs. Gassaway's signature was required for the very reason that the bank considered such parcel to constitute the homestead of plaintiff and his wife. It is likewise undisputed that said bank did not treat such loan transaction as one requiring disclosure to plaintiff or his wife of the right to rescind same under the Federal Truth in Lending Act or Federal Reserve System Regulation Z. Said bank made no verbal or written disclosure to plaintiff or to his wife suggesting that they had the right of rescission as to the lien being created in the property used as their principal dwelling.

On October 5, 1982, after causing foreclosure proceedings to be conducted pursuant to the deed of trust executed by plaintiff and his wife on October 23, 1981, defendant The Bank of North Mississippi purchased the real estate described in said deed of trust at a foreclosure sale for a purchase price of $5,000.00.

Subsequently, the Merchants and Farmers Bank of Kosciusko, which held a first position deed of trust on said mobile home and 27-acre homestead, began foreclosure proceedings on its first deed of trust. After such foreclosure proceedings were commenced, but before any foreclosure sale could be had, The Bank of North Mississippi purchased and received an assignment of the promissory note and first deed of trust on said homestead parcel held by the Merchants and Farmers Bank of Kosciusko. Shortly thereafter, without there having been any foreclosure sale under the assigned first deed of trust previously held by the Merchants and Farmers Bank of Kosciusko, this adversary proceeding was instituted by the filing of the aforementioned complaint.

Although plaintiff and defendant The Bank of North Mississippi have expressed different views by way of argument as to whether defendant bank's security interest arose out of consumer loans primarily intended for plaintiff's personal use, as contended for by plaintiff, or loans primarily intended for business purposes, as contended for by defendant The Bank of North Mississippi, said defendant's Chief Executive Officer, Mr. Bailey, conceded on cross-examination that the October 23, 1981, transaction was a renewal of loans "for personal reasons, to pay his income taxes, to buy a Colt firearm, bought some cattle, etc." (R.125). From the totality of circumstances this court finds as fact that the subject loan was a consumer loan primarily intended for the personal use of plaintiff and his wife.

Inasmuch as the complaint has been dismissed with prejudice as to defendants Federal Land Bank of New Orleans and Merchants and Farmers Bank of Kosciusko, and inasmuch as the several factual issues have been resolved, the issues in this adversary proceeding have been narrowed to the following legal issues:

## I

Should plaintiff's prayer for the voiding of the deed of trust trustee's deed (executed pursuant to the foreclosure sale of October 5, 1982) be granted?

Although the chapter 7 trustee had earlier abandoned with the court's approval the realty sold at said foreclosure sale of October 5, 1982, there is no indication in this record that the automatic stay provided by 11 U.S.C. section 362 had been terminated or lifted prior to said foreclosure sale. Indeed, there is no indication in this record that defendant The Bank of North Mississippi has filed an adversary proceeding (or a counterclaim) praying for the lifting of such automatic stay.

■ Under the 1978 Bankruptcy Code the abandonment of the real estate by the trustee removes such realty from the bankruptcy estate, but upon removal from the bankruptcy estate it continues as property of the debtor plaintiff, and the stay continues in effect until the occurrence of events mentioned in 11 U.S.C. section 362(c)(2). None of those events mentioned in section 362(c)(2) having occurred herein, the automatic stay in the case sub judice remains in effect at this writing. This view is supported by the persuasive decisions in *In re Motley,* 10 B.R. 141, 7 B.C.D. 477 (Bkrtcy. Ga.1981), decided by the United States Bankruptcy Court for the Middle District of Georgia; *In re Doyle,* 11 B.R. 110, 7 B.C.D. 1010 (Bkrtcy.Pa.1981), decided by the United States Bankruptcy Court for the Eastern District of Pennsylvania; and *In re Cruseturner,* 8 B.R. 581, 7 B.C.D. 235, 236 (Bkrtcy.Utah 1981), decided by the United States Bankruptcy Court for the District of Utah.

The following instructive discussion of these principles is found in *In re Motley, supra:*

"Automatic Stay

Construction of the new Bankruptcy Code as it relates to the automatic stay and abandonment of property is different from the old Bankruptcy Act. In the latter, abandonment by the trustee terminated the stay against property as to all entities. In the former, this is not so because when the trustee abandons property it reverts to the debtor and the automatic stay in 11 U.S.C. section 362(a)(5) continues in effect because 11 U.S.C. section 362(c)(1) includes only property of the estate and not property of the debtor. The property of the debtor is relieved from the automatic stay only by 11 U.S.C. section 362(c)(2). In a complaint for relief from the stay the debtor should be made a party defendant together with the trustee if the trustee has not filed his abandonment ... and in section 362(c)(2), the stay of any other act continues until the happening of identified events—. . . On the abandonment by the trustee of the real estate in question, it was no longer *property of the estate,* but this does not totally terminate the stay because the word "and" carries over to number (2) ... In this (5), the stay refers to an act against property *of the debtor.* It, therefore, follows that even though the real estate has been abandoned by the trustee, it continues as property *of the debtor,* and the stay continues in effect."

Official footnote number 4 to the decision in *In re Doyle, supra,* explains this principle as follows:

"A complaint for relief from the stay under section 362(d) of the Code appears to be the remedy which Beneficial will need to be permitted to proceed with its state foreclosure action. The erroneous suggestions of the debtors that Beneficial could seek to have the Chapter 7 trustee abandon the property would not give Beneficial the relief it seeks because the automatic stay provisions of section 362(a) still apply to property which has been abandoned."

The holding in *In re Cruseturner* is consonant with the holdings in *Motley* and *Doyle,* to wit:

"As a result of the protection of Section 362(a)(5), the debtor's rights are not adversely affected by the [21] abandonment decision of the trustee. Property which

may be of inconsequential value to the estate and therefore abandoned by the trustee, may, nevertheless, be valuable to the debtor. The stay persists to allow the debtor opportunity to salvage that property. If further time is needed by the debtor to exercise his rights, continuation of the stay may be requested for cause under Section 362 or an injunction against creditor action may be required under Section 105(a).

This result may appear to impose a heavy burden and considerable consternation on the creditor, for despite the abandonment of its collateral, the creditor may not repossess the property until relief from the stay is granted as a result of litigation, discharge, dismissal, or case closure. This is mitigated in a no asset case of an individual in this district since termination of the stay under Section 362(c)(2) will usually occur by the granting of a discharge within 90 days from the filing of the petition...".

■ Inasmuch as defendant The Bank of North Mississippi caused such foreclosure proceedings and sale to be conducted without obtaining the consent of this court therefor in an adversary proceeding required by law for the lifting of such automatic stay, absent the occurrence of events mentioned in 11 U.S.C. section 362(c)(2), this court is of the opinion that said foreclosure sale of October 5, 1982, and the trustee's deed executed pursuant thereto, having been in violation of the automatic stay herein, are null and void and should be cancelled. The judgment rendered herein will include language so cancelling said foreclosure sale and the trustee's deed.

## II

Does plaintiff have the right to rescind the loan transaction of October 23, 1981, insofar as the same relates to the 27-acre parcel of land described in the record as constituting the homestead of plaintiff and his wife and on which is located the mobile home constituting their principal dwelling?

■ Although defendant The Bank of North Mississippi did not raise the matter as an affirmative defense or by way of counterclaim, the final brief of counsel for said bank argued that the subject loan transaction was specifically exempted from the requirements of 15 U.S.C. section 1635 and Regulation Z. Said bank urged upon the court the view that the renewal loan was for loans primarily extended for the cattle operation of plaintiff. This view of the facts has already been rejected by this court in this opinion, supra.

15 U.S.C. section 1635 reads as follows: "(a) Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section."

15 U.S.C. section 1635(b), inter alia, provides as follows:

"(b) When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission..."

15 U.S.C. section 1603, Exempted Transactions, in its pertinent portions, states: "This subchapter does not apply to the following:

(1) Credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations. . .

(3) Credit transactions, other than those in which a security interest is or will be acquired in real property, or in personal property used or expected to be used as the principal dwelling of the consumer, in which the total amount financed exceeds $25,000.00 . . ."

The court having found that the subject extensions of credit herein were not primarily for business, commercial, or agricultural purposes, 15 U.S.C. section 1603(1) does not exempt the transaction. Because the subject real property on which the mobile home is located was used and was expected to be used as the principal dwelling of the consumer, 15 U.S.C. section 1603(3) does not operate to exempt the transaction.

■ But defendant The Bank of North Mississippi argues that under 15 U.S.C. section 1635(f), the time frame within which the obligors could elect to rescind has expired. This argument further contends that the foreclosure sale of October 5, 1982, was a sale of the property which, under subsection (f), terminated the right of rescission. In pertinent part 15 U.S.C. section 1635(f), reads as follows:

"(f) An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor. . . "

Suffice it to say that this court's judgment, as outlined hereinabove, will adjudge said foreclosure sale null and void. It follows that the obligors' right of rescission has not terminated on account of said void sale.

Defendant The Bank of North Mississippi further argues, however, that plaintiff does not have standing to rescind the subject loan transaction because only the trustee in this converted chapter 7 proceeding allegedly has such standing. As support for that view, said bank cites the case of *Lausier v. Goodwin*, 7 B.R. 476 (Bkrtcy.Maine 1980), decided by the United States Bankruptcy Court for the District of Maine. In that case the court held:

"Upon entry of the order for chapter 7 relief on March 6, 1980, the debtors' right of rescission became property of the estate within the meaning of Bankruptcy Code section 541(a)(1). It is the duty of the trustee in bankruptcy to collect and reduce to money all property of the estate. On March 6, 1980, the debtors' right of rescission became exercisable exclusively by the trustee in bankruptcy."

■ This court is persuaded by the logic of the holding in *Lausier v. Goodwin*, supra. It does indeed appear to be the duty of the trustee in this chapter 7 proceeding to collect and reduce to money all property of the estate, including any monetary penalties collectible under the Truth in Lending Act or Regulation Z. Such monies will then constitute property of the estate. On the other hand, due to the court-approved abandonment of the aforementioned real estate, the trustee will have no claim to such real estate; and after such rescission as to the aforementioned 27-acre homestead parcel shall have been accomplished, said home-parcel will remain the property of plaintiff free and clear of the purported lien which ostensibly arose out of the loan transaction of October 23, 1981. In short, the trustee will be entitled to any monetary penalties resulting from rescission, and plaintiff obligor will be entitled to the 27-acre homestead parcel free of the alleged October 23, 1981, lien. Additionally, debtor's wife did not join in the bankruptcy petition herein, and any independent Truth in Lending and Regulation Z rights which she may have are unaffected by these bankruptcy proceedings.

## III

Should The Bank of North Mississippi be allowed by this court to proceed to foreclose and/or pursue other remedies by virtue of its being the assignee of the outstanding first deed of trust earlier held by Merchants and Farmers Bank of Kosciusko?

■ The answer to this question is simple. In order to conduct foreclosure proceedings under said first deed of trust formerly held by Merchants and Farmers Bank of Kosciusko, defendant The Bank of North Mississippi must first obtain relief from the stay in an adversary proceeding as provided in Rule 701 of the Bankruptcy Rules. This court regards such a proceeding as being governed by all relevant provisions of Part VII of the Bankruptcy Rules. Such question was not appropriately raised by defendant The Bank of North Mississippi in its answer or counterclaim herein. It was raised for the first time in the final brief of defendant The Bank of North Mississippi.

## IV

Is The Bank of North Mississippi entitled to damages and attorneys fees for the alleged wrongful suing out of the injunction herein?

■ The court notes that this court granted a temporary restraining order and an injunction pendente lite against defendant The Bank of North Mississippi; and this court is granting further appropriate relief to plaintiff on the basis of the merits of this adversary proceeding. Accordingly, this court is of the opinion that the counterclaim of The Bank of North Mississippi for various damages should be denied.

The foregoing memorandum opinion sets forth my findings of fact and conclusions of law. A proposed judgment is submitted herewith for signature by a United States District Judge.

## ON VOIDING FORECLOSURE SALE

SENTER, Chief Judge.

It appearing that plaintiff's prayer that the foreclosure sale of October 5, 1982, be voided should be granted; and

It appearing that general relief should be substituted for plaintiff's prayer for rescission of the loan transaction of October 23, 1981; and

It appearing that defendant The Bank of North Mississippi may not maintain the request made only in its final brief for authority to foreclose an assigned deed of trust in this proceeding; and

It appearing that defendant-counterclaimant The Bank of North Mississippi has not sustained its burden of proof as to its claim for damages herein; it is

ORDERED AND ADJUDGED that the foreclosure proceeding of October 5, 1982, and the trustee's deed executed pursuant thereto be and the same are declared null and void; that defendant The Bank of North Mississippi shall within fifteen days from the date of entry of this judgment execute and deliver to plaintiff, John G. Gassaway, a quitclaim deed releasing any and all alleged ownership interests and rights obtained by said bank as a result of said trustee's deed; and it is further

ORDERED AND ADJUDGED that plaintiff's prayer that plaintiff be permitted to rescind the loan transaction and the lien represented by the deed of trust dated October 23, 1981, be and the same is hereby denied; but, by way of general relief, that the trustee is authorized to rescind the loan transaction and lien represented by said deed of trust to the extent that same affects the 27-acre homestead parcel of realty described in the record herein pursuant to the Truth in Lending Act and Regulation Z within the time limit mentioned in 11 U.S.C. section 1635(a) after defendant The Bank of North Mississippi shall have complied with the provisions of said statute; and it is further

ORDERED AND ADJUDGED that any monetary penalties recovered as a result of such rescission by the trustee shall constitute property of the bankruptcy estate, and that such rescission shall leave undisturbed the ownership of said 27-acre homestead parcel by plaintiff, John G. Gassaway, free

and clear of any ostensible lien arising out of said deed of trust dated October 23, 1981; and it is further

ORDERED AND ADJUDGED that the request of defendant The Bank of North Mississippi for leave to foreclose the first deed of trust formerly held by Merchants and Farmers Bank of Kosciusko has not been properly raised or litigated in this proceeding; and it is further

ORDERED AND ADJUDGED that the counterclaim of defendant The Bank of North Mississippi praying, inter alia, for damages and the denial of injunctive relief be and the same is hereby dismissed with prejudice; and it is further

ORDERED AND ADJUDGED that the Clerk of the United States District Court shall retain a copy of this judgment in his office and shall send the original hereof to the Clerk of the United States Bankruptcy Court for entry in that court's records pursuant to the Emergency Bankruptcy Rule promulgated by this court on December 24, 1982.