### In re William Terry LANGSTON, Sherry Ann Langston, Debtors.

### Bankruptcy No. NK 80–03564.

United States Bankruptcy Court, W.D. Michigan.

April 4, 1983.

---

Joseph A. Chrystler, Standing Trustee in pro. per.

Edward Read Barton, Allegan, Mich., for debtor.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

Joseph A. Chrystler, the Standing Chapter 13 Trustee in this case, filed a petition for an order to show cause why a requested exemption of the debtors in 1981 and 1982 income tax refunds should not be denied and be turned over to Chrystler.

November 5, 1980, debtors filed their petition for relief under Chapter 13 of Title 11 of the United States Code. Under the plan as proposed, debtors were to pay to Chrystler $20.00 a week for 60 months and turn over their income tax refunds for the next five years. On this basis, Chrystler recommenced confirmation of the plan and it was so confirmed.

Payments were made regularly by. a wage assignment and the 1980 refund was turned over to Chrystler. June 21, 1982, Chrystler filed a petition to dismiss the case because the debtors failed to turn over copies of their 1981 income tax returns and their refund checks. After adjournments on the promise of the debtors to submit the returns and their representation that they

had not received the refunds, on November 11, 1982, debtors filed a petition to convert to a case under Chapter 7. On November 26, 1982, an order was entered converting this case to Chapter 7. On December 21, 1982, debtors filed an amended schedule claiming their income tax refund of approximately $2,297.00 to be exempt under 11 U.S.C. Section 522(d)(1), (5). Apparently, debtors paid in slightly over $5,000.00 to Chrystler and about 3.93% of their unsecured claims was paid. The trustee claims that debtors' wilful conversion of the refund represents a fraud on creditors.

11 U.S.C. Section 1307 provides in part:

"(a) The debtor may convert a case under this Chapter to a case under Chapter 7 of this title at any time. Any waiver of the right to convert under this section is unenforceable."

In House Report No. 95–595, 95th Cong. 1st Sess. 428, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6383 (1977) it is stated:

"Subsection (a) of Section 1307 gives the debtor an absolute right of conversion to a liquidation case at any time."

Senate Report No. 95–989, 95th Cong., 2d Sess. 141 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5927 states:

"Subsections (a) and (b) confirm, without qualification, the rights of a Chapter 13 debtor to convert the case to a liquidating bankruptcy case under Chapter 7 of Title 11, at any time, or to have the Chapter 13 case dismissed. Waiver of any such right is unenforceable."

Section 1307(a) is derived from the Senate amendment in preference to a comparable provision in the House Bill. 124 Cong. Rec. H 11,106. (Sept. 28, 1978) S 17423 (Oct. 6, 1978).

5 Collier on Bankruptcy Section 1307.01 (15th Ed.1982) states:

"A chapter 13 case may not be commenced involuntarily, but only by a debtor on a voluntary petition or by conversion of a case to chapter 13 from chapter

**274**

7 or chapter 11. The voluntariness of chapter 13 proceedings is furthered by the proscription against the filing of a chapter 13 plan by any entity other than the debtor. The theme of voluntariness is carried to its logical conclusion by section 1307, which permits the debtor to convert the chapter 13 case to chapter 7 at any time, to convert to chapter 11 at any time prior to confirmation, or to have the chapter 13 case dismissed.

" ⁎ ⁎ ⁎

"The debtor may convert a chapter 13 case to a chapter 7 liquidation case, at any time. The right to convert to chapter 7 is unqualified and may not be waived."

The only case clearly in point is, *In re Doyle*, 11 B.R. 110 (Bankr.E.D.Pa.1981). There, in the chapter 13 plan, debtors proposed to surrender premises subject to a mortgage of Beneficial Savings Bank's assignor. Beneficial moved for enforcement of confirmation order and contempt. At the hearing debtors contended that they were converting to Chapter 7. Motion was denied. The court stated:

"Under § 1307(a) of the Code, a Chapter 13 debtor has the absolute right at any time to convert his Chapter 13 case to a case under Chapter 7. In the instant case the debtors have exercised that right. Consequently, the case before us is a chapter 7 case and the Chapter 13 plan and the order confirming that plan are no longer in force. We therefore conclude that Beneficial is not entitled to an order enforcing the terms of the debtors' plan or an order holding the debtor in contempt for failing to comply with the terms of that plan. The only relief which Beneficial may seek is whatever remedies such a creditor may have in a case under Chapter 7."

In view of the absolute right of the debtors to convert from Chapter 13 to Chapter 7, I have no choice but to deny the relief prayed for by the trustee. An order may be so entered.