In re Theodore CONDUFF, Jr., Debtor.

Patricia Ann BLAINE, Plaintiff,

v.

Theodore CONDUFF, Jr., Defendant.

Bankruptcy No. 81–00531–S.
Adv. No. 81–0467–S.

United States Bankruptcy Court,
W.D. Missouri, S.D.

Jan. 23, 1985.

Thomas J. Carlson, Springfield, Mo., for plaintiff.

James R. Doran, Springfield, Mo., for debtor/defendant.

## MEMORANDUM OPINION
## AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In December of 1980 Patricia Blaine, hereinafter Blaine, obtained a judgment against debtor arising out of a dissolution action in the Circuit Court of Greene County, Missouri. The judgment consisted of an award of $4,693 intended by the court as an equalization of the distribution of property, of $500 as attorney fees, of $107.95 as costs and of an obligation to pay various debts incurred during the marriage.

On February 19, 1981, debtor filed a Chapter 13 case, scheduling Blaine as a creditor. He acknowledged having filed a previous bankruptcy in September of 1975, from which he received a discharge on October 24, 1975. Thereafter Blaine filed a complaint objecting to debtor's discharge as to these debts. Debtor denied the non-dischargeable character of these obligations.

At one point the parties settled this dispute but debtor failed to make the payments required by the agreement. Numerous conferences and hearings followed. On July 9, 1982, this Court entered an Order determining that the award of $4,693.00 was dischargeable as property distribution and the obligation to pay CIT was non-dischargeable as support. The Court further found the award of attorney fees to be dischargeable. That Order was not appealed.

Debtor proposed a plan which was never confirmed. On September 10, 1982, debtor made application to convert the Chapter 13 case to one under Chapter 7. The Code permits such conversion at debtor's request for any reason. Section 1307(a) of the Code, Title 11, U.S.C. *In re Doyle,* 11 B.R. 110, 4 C.B.C.2d 588 (Bkrtcy.E.D.Pa.1981). The case was converted and debtor discharged subsequent to resolution of the non-dischargeability complaint which, although the Court had ruled some of the issues, had not been closed.

After conversion, but before discharge, Blaine amended her complaint to object to debtor's discharge under Section 727. She alleged that the commencement of the Chapter 13 case was a subterfuge to get around the time bar for filing successive Chapter 7 cases. She alleged that the case was not filed in good faith but only to prevent garnishments and to avoid having to pay debtor those sums awarded under the decree of dissolution.

Section 727(a)(8) of the Code denies debtor a discharge if "the debtor has been granted a discharge ... under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the

date of the filing of the petition". Debtor was barred from filing a Chapter 7 case before October 24, 1981. He could file a Chapter 13 at any time. Section 727(a)(9) of the Code.

 The fact that a debtor moves from one chapter to another, without more, is insufficient to justify dismissal. Cf. *In re Robinson*, 18 B.R. 891 (Bkrtcy.Conn.1982). Here there are circumstances that cloud debtor's motivation. First, the decree of dissolution requiring debtor to pay Blaine cash and to assume several debts of the marriage is followed shortly by the filing of the Chapter 13 case. Then the matter is settled but debtor refuses to comply with the terms of the agreement. The Chapter 13 plan first proposed is inadequate and, although amendments are proposed, after over 18 months, no plan was ever confirmed. Lastly the conversion causes the effective date of relief and therefore the rights of the parties to be determined as of the date of filing, a time when originally debtor could not have petitioned for relief under Chapter 7.

The Court finds that debtor's Chapter 13 petition was filed for the sole purpose of preventing Blaine from collecting her judgment through civil process. That it also provided an avenue whereby some portion of the debt was determined to be dischargeable, a proper use of the procedures available, does not persuade the contrary. What is persuasive is debtor's refusal to abide by the settlement and his unwillingness, even with a good job, to promptly file a plan which could be confirmed and to fund that plan.

Debtor could have filed a Chapter 7 liquidation on October 24, 1981. While a court may consider whether such a filing was abusive, the issue of good faith does not assume the same significance in a Chapter 7 as it does in a Chapter 13. There is no evidence that the Chapter 7 filing was abusive nor is there any question but that on October 24, 1981, debtor had an absolute right to file.

But up to that date, absent the abusive filing, Blaine could have executed upon her judgment. An appropriate remedy here therefore is to allow her damages in whatever sum she could have collected which would have been 10% of debtor's earnings, less deductions from the time the judgment was final through the date of final, less credit for any amounts actually paid to Blaine. Because the CIT debt was found to be non-dischargeable and would survive even the Chapter 7 discharge, no credit is given for any payments made during this period to CIT. The parties are to calculate this amount or to advise the Court of the necessity of a hearing no later than February 8, 1985.

The obligations to Blaine are found otherwise to be dischargeable. The complaint to deny discharge under Section 727 is found against Blaine. Debtor is discharged except for the obligation above specified.